UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ZARCONIA SHELTON, <br>                   Plaintiff, <br> v. <br><br> MODERN FINANCIAL <br> SERVICE CORPORATION, <br>                   Defendant. <br> _____/ | Case No. 25-10669 <br><br> Nancy G. Edmunds <br> United States District Judge <br><br> Curtis Ivy, Jr. <br> United States Magistrate Judge |

**ORDER GRANTING EXTENSION OF TIME TO ANSWER COMPLAINT (ECF No. 15) and DENYING AS MOOT MOTION TO DEEM SERVICE SUFFICIENT (ECF No. 13)**

In her motion for the Court to deem her effort at service of process sufficient, Plaintiff explains that she attempted to serve Defendant by mailing the summons and complaint, delivery restricted, to Defendant's registered agent. Despite restricting delivery to the agent, someone other than the agent signed for the service documents. She was concerned that attempting service in the same manner would yield the same result. Thus, she moved for the Court to deem her attempt at service be sufficient under the Michigan Court Rules for service of process. (ECF No. 13).

Then, Defendant moved for an extension of time to respond to the complaint. It acknowledged the attempt at service and agreed to waive proper service of process. In discussion with Plaintiff about this, Defendant asked that she

give it 21 days to respond to the complaint; Plaintiff would only agree to seven days. So Defendant filed the motion to extend its time to answer the complaint until May 15, 2025. (ECF No. 15).

Courts can extend a deadline on a showing of good cause. Fed. R. Civ. P. 6(b)(1)(A). Defendant showed good cause. To avoid litigating the issue of whether service of process was sufficient, it obtained counsel and now seeks to waive service of process and begin the litigation. The motion to extend is **GRANTED**. Defendant filed its answer on May 15, 2025, its requested deadline. (ECF No. 17). Plaintiff's motion to deem service sufficient is **DENIED AS MOOT** as Defendant waived insufficient service of process as an affirmative defense.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in

effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich.

Local Rule 72.2.

Date: May 19, 2025　　　　　　　　　　s/Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　Curtis Ivy, Jr.
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**CERTIFICATE OF SERVICE**

　　The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on May 19, 2025.

　　　　　　　　　　　　　　　　　　s/Sara Krause
　　　　　　　　　　　　　　　　　　Case Manager
　　　　　　　　　　　　　　　　　　(810) 341-7850