UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ZARCONIA SHELTON,<br>　　　　　　Plaintiff,<br>v.<br><br>MODERN FINANCIAL<br>SERVICE CORPORATION,<br>　　　　　　Defendant.<br>_____/ | Case No. 25-10669<br><br>Nancy G. Edmunds<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ANSWER UNDER RULE 12(f) (ECF No. 20)**

Plaintiff moved to strike Defendants' affirmative defenses under Fed. R. Civ. P. 12(f) asserting that the affirmative defenses are insufficient and legally deficient. (ECF No. 20). This motion is **DENIED**.

Rule 12(f) authorizes district courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). But "[m]otions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Loc. 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). A Rule 12(f) "motion to strike will not be granted if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." *United States v. Petty Prods., Inc.*, 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) (citation omitted). Or, "[t]he motion to strike should be granted only when the affirmative

defense is not relevant to the dispute and has no possible relation to the controversy." *Hemlock Semiconductor Corp. v. Deutsche Solar GmbH*, 116 F. Supp. 3d 818, 823 (E.D. Mich. 2015) (citation omitted).

Plaintiff's challenge to the merits of the affirmative defenses does not establish that the affirmative defenses are irrelevant and have no possible relation to the controversy. Rather, her challenges raise factual issues, such as asserting that a certain defense is contradicted by the record, that are best determined on the merits through litigation. And the Court rejects Plaintiff's assertion that the affirmative defenses are improperly conclusory. "An affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." *Pough v. DeWine*, 2023 WL 1812641, at *1 (S.D. Ohio Feb. 8, 2023) (quoting *Lawrence v. Chabot*, 182 F. App'x 442, 456 (6th Cir. 2006)). Plaintiff has fair notice of the nature of defenses as evidenced by her motion addressing the merits of the defenses. For these reasons, the Court will not strike the affirmative defenses.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R.

Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: June 12, 2025                             s/Curtis Ivy, Jr.
                                                Curtis Ivy, Jr.
                                                United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on June 12, 2025.

                                                s/Sara Krause
                                                Case Manager
                                                (810) 341-7850